**UNICURE, INC., Plaintiff,**

v.

**Robert THURMAN; Atlas Sewing Centers, Ltd.; Jeremy D. Nelson, Individually and d/b/a Canadian Custom Packaging Co. and as Creative Custom Packaging Co.; Jezebel Limited, Defendants.**

**No. CIV-77-642.**

United States District Court,
W. D. New York.

July 22, 1981.

P. Michael Lynch, III, Norcross, Ga., for plaintiff.

Henry Killeen, Buffalo, N. Y., for defendants.

## MEMORANDUM AND ORDER

ELFVIN, District Judge.

Pursuant to Fed.R.Civ.P. rule 37 plaintiff has moved for imposition of sanctions as a result of defendants' failure to appear at a deposition February 18, 1981.

Defendants Nelson, Canadian Custom Packaging Co. and Creative Custom Packaging Co. were to appear for depositions January 7, 1981 at the offices of plaintiff's local counsel in Buffalo, N.Y. Due to the substitution of Henry W. Killeen, Esq. as attorney for defendants, the depositions could not take place at that time. Pursuant to an understanding reached February 4, 1981 between Killeen and P. Michael Lynch, Esq., one of the attorneys for plaintiff, the depositions were to be held February 18th in Buffalo. Lynch told Killeen that plaintiff's President and in-house counsel would be travelling to Buffalo from Atlanta, Ga. several days prior to the depositions in order to attend and to pursue other matters in Toronto, Ontario.

On February 5, 1981 Pacific Northwest Enterprises, Inc., a Canadian corporation affiliated with plaintiff, served a notice of motion for a preliminary injunction against Nelson and Canadian Custom in an action pending in Canadian federal court in Vancouver, British Columbia. The motion was returnable February 16th, two days prior to the scheduled depositions in Buffalo. Defendants' Vancouver counsel attempted to procure an adjournment of the motion by consent, but counsel for Pacific Northwest did not agree to the adjournment. Thereupon, defendants' Vancouver counsel obtained a court order February 13, 1981 adjourning the motion for a preliminary injunction until February 23, 1981.

Killeen did not learn until February 10th that the motion had been filed in Vancouver. He was informed after business hours February 13th that the Vancouver court had adjourned the motion to February 23rd. At that time defendants' Vancouver counsel requested that Killeen postpone the depositions scheduled in Buffalo so that Nelson could spend the week in Vancouver preparing defendants' opposition to Pacific Northwest's motion.

Killeen telephoned the offices of plaintiff's local counsel Saturday, February 14th. Sheldon B. Benatovich, Esq., the attorney handling the case locally for plaintiff, was not in the office but Killeen informed Richard C. Marcus, Esq., a partner in Benatovich's firm, that Nelson would not appear for the depositions February 18th. Killeen also sent a hand-delivered letter to Benatovich the same day explaining that Nelson would not appear. The following Monday, February 16th, Killeen again telephoned plaintiff's local counsel and spoke with Michael C. Trimboli, Esq., who was a member of the same firm and who had been working on the case. Killeen informed Trimboli that Nelson could not appear for the scheduled depositions. Marcus and Trimboli deny having consented to an adjournment of the depositions.

Plaintiff's President and in-house counsel travelled to "the Buffalo area" Sunday, February 15th. Apparently, they attended

to other business in Toronto February 16th and 17th. Nelson failed to appear for the scheduled depositions February 18th and plaintiff immediately filed a motion for an order directing Nelson and/or other officers of Canadian Custom and Creative Custom to appear for depositions and for imposition of sanctions under Fed.R.Civ.P. rule 37. Oral argument on the motion was heard at 2:30 p. m., February 18th, at which time I directed defendants to appear for depositions March 11th and reserved decision on plaintiff's motion for sanctions. A written Order to such effect was filed February 25, 1981.

I have reviewed the various affidavits submitted in support of and in opposition to plaintiff's motion for sanctions and have concluded that said motion must be denied. Defendants' attorney did take some action to notify plaintiff's counsel that Nelson would not appear for the depositions. Although Killeen probably should have notified plaintiff earlier in the week that Nelson might not be able to appear, his attempts to contact Benatovich February 14th and .16th indicate that he was at least acting in good faith.

It also appears that Pacific Northwest's motion for a preliminary injunction, filed the day after Killeen had agreed to have the depositions take place February 18th, was a deliberate attempt to harass defendants. Lynch's unsworn memorandum of law in support of the motion for sanctions implies that there was no collusion between plaintiff and Pacific Northwest as to the timing of Pacific Northwest's motion. The statements contained in the memorandum are not supported by any sworn affidavit, and therefore are not entitled to any consideration on this motion. If plaintiff wanted to refute the implication that Pacific Northwest's motion was deliberately timed in order to disrupt defendants' preparation, appropriate affidavits from Lynch and Pacific Northwest's counsel in Vancouver (Ralph Long, Esq.) should have been submitted. Given that Nelson's failure to appear for the depositions in Buffalo was caused by plaintiff's apparently abusive practices, plaintiff can not seriously complain about such failure.

Finally, plaintiff's President and attorneys pursued other business matters during the course of their trip. At oral argument, Lynch admitted that he had been informed February 17th that Nelson would be unavailable for the deposition. An award of expenses such as airfare, car rental and lodging and meals would create a windfall at defendants' expense.

Thus, the circumstances surrounding defendants' failure to appear for depositions February 18th "make an award of expenses unjust." Fed.R.Civ.P. rule 37(b). Plaintiff's motion for sanctions is therefore ORDERED denied.

Plaintiff filed an Amended Complaint in this action June 16, 1981 and defendants filed an Amended Answer June 29, 1981. The amended pleadings were filed pursuant to my Order filed May 27, 1981. At the conclusion of oral argument on the parties' motions to amend, I indicated that I would treat defendants' opposition to plaintiff's motion to file such amended pleading as a motion to dismiss the Amended Complaint.

Defendants' memorandum of law in opposition to the motion raises various arguments concerning the adequacy of the Amended Complaint. Upon a review of defendants' memorandum, I have concluded that the arguments raised by defendants should be addressed by plaintiff. Therefore, it is hereby ORDERED that plaintiff shall submit a memorandum of law (with supporting affidavits, if such are appropriate) responding to the arguments made by defendants on or before August 14, 1981, and that defendants shall submit a reply memorandum on or before August 21, 1981. At such time, defendants' "motion" to dismiss the Amended Complaint will be deemed submitted.